**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2129

_____

GULABBHAI RAGHNATHJI MISTRY,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(Agency No. A074-988-585)
Immigration Judge: Annie S. Garcy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 19, 2026

Before: MATEY, FREEMAN, and CHUNG, _Circuit Judges_

(Opinion filed: April 22, 2026 )

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Petitioner seeks review of the Board of Immigration Appeals' (BIA) order (1) dismissing his appeal of the Immigration Judge's (IJ) denial of his motion to reopen removal proceedings and (2) denying his motion to terminate the proceedings.  We will deny the petition.

**I**

Petitioner attests that he was born in India as Gulabbhai Raghnathji Mistry in 1947.  In the 1970s, he twice applied for visas to the United States.  Both applications were rejected due to fraudulent information provided in the first application.  He then changed his name to Dashrath Panchal, applied again, and was approved.  After receiving a second visa under the name Dashrath Panchal, he entered the United States in 1989 and remained after the visa expired.

In 1995, Petitioner applied to become a lawful permanent resident under the name Gulabbhai Mistry.  During the application process, he admitted in writing to the Immigration and Naturalization Service (INS)[1] that he changed his name to obtain a visa because his previous applications were denied.  The INS twice denied his applications, determining that he could not prove he was Gulabbhai Mistry.  It also deemed Petitioner inadmissible because he made a willful misrepresentation of material fact to the INS.

---

[1] The INS has since become a part of the Department of Homeland Security.  Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, § 441 (2002).

In 2005, Petitioner was served with a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(C)(i), which renders a noncitizen inadmissible if he sought to procure a visa or admission into the United States "by fraud or willfully misrepresenting a material fact." An IJ held a hearing in 2007, and Petitioner appeared with retained counsel. During that hearing, the parties and the IJ agreed that the charge should be amended to 8 U.S.C. § 1227(a)(1)(A), which makes a noncitizen removable if he was inadmissible at the time of entry.[2] The government made that amendment.

As the factual basis for the charge, the government alleged that Petitioner was inadmissible at the time of entry because he sought to procure a visa or admission into the United States by fraud or willful misrepresentation of material fact. Through counsel, Petitioner admitted all factual allegations and conceded the amended charge. The IJ then ordered Petitioner removed to India.

Petitioner had 30 days to file a notice of appeal, 8 C.F.R. §§ 1003.1(d)(2)(i)(G), 1003.38(b) (effective July 1, 1996 to Feb. 10, 2022), but he waited nearly twelve years to file one. In his 2019 notice of appeal, he argued that the appeal deadline should be equitably tolled because his former counsel provided ineffective assistance. The BIA summarily dismissed the appeal. It determined Petitioner was not prejudiced by his former counsel's performance and had not demonstrated due diligence, so equitable tolling was unwarranted. Petitioner asked the BIA to reconsider its decision and to

---

[2] 8 U.S.C. § 1227(a)(1)(A) states: "Any alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable."

3

reopen his appeal.  The BIA denied the former motion and dismissed the latter because it never assumed jurisdiction over the untimely appeal.

In 2020, Petitioner sought our review of the BIA's decision, and we denied his petition.  We determined the BIA did not abuse its discretion in denying the motion to reconsider, "particularly . . . where [Petitioner] has admitted the underlying facts of his inadmissibility."  *Mistry v. Att'y Gen.*, 828 F. App'x 114, 117 (3d Cir. 2020).  We also agreed with the BIA that there was no appeal to reopen, and we noted that Petitioner had failed to heed the agency's warning that any motion to reopen must be filed with the IJ. *Id.*

After we denied his petition for review, Petitioner filed a motion to reopen with the IJ.  Again, the basis for that motion was ineffective assistance of prior counsel.  The IJ discerned no ineffective assistance and denied the untimely motion.  Petitioner appealed that denial to the BIA.  In September 2023, he also filed a separate motion asking the BIA to terminate (or, alternatively, reopen and terminate) his proceedings so he could pursue adjustment of status based on a petition filed by his sibling.

The BIA dismissed the appeal and denied the motion to reopen.  This petition for review followed.

**II**[3]

A

---

[3] The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1003.2(a).  We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

We review an agency's denial of a motion to reopen for abuse of discretion. *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005). Under that standard, we will uphold the agency's decision unless it is "arbitrary, irrational, or contrary to law." *Id.* (citation modified).

The BIA did not abuse its discretion when it affirmed the IJ's denial of Petitioner's untimely motion to reopen. Petitioner filed his motion to reopen over thirteen years late, so he sought equitable tolling based on prior counsel's ineffective assistance. *See Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011).

To establish ineffective assistance of counsel, he had to show "(1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007) (citation modified).[4] The crux of his argument is that he did not authorize his prior counsel to admit any fraud or willful misrepresentation. But counsel's performance caused no prejudice because Petitioner himself "admitted the underlying facts of his inadmissibility" years earlier, directly to the INS. *Mistry*, 828 F. App'x at 117. He admitted that he used the name Dashrath Panchal to procure a visa into the United States because he knew he could not procure a visa under the name Gulabbhai Mistry. So the ineffective assistance claim lacks merit, and the BIA's ruling was not an abuse of discretion.

---

[4] We review ineffective assistance of counsel claims de novo when they form the basis for a motion to reopen. *See Fadiga*, 488 F.3d at 153.

B

Petitioner seeks review of the BIA's order denying his motion to terminate his proceedings. He suggests that we review the agency's denial of a motion to terminate for abuse of discretion, *see Aguayo v. Garland*, 78 F.4th 1210, 1217 (10th Cir. 2023), and the government makes no counter-suggestion. We need not decide the precise standard of review because Petitioner argues that the BIA made a legal error, and, even if he is correct, any error was harmless.

Petitioner sought termination under *Matter of Coronado Acevedo*, 28 I. & N. Dec. 648 (A.G. 2022), and the BIA determined that it lacked authority to terminate the proceedings without first reopening them.[5] It recognized that *Matter of Coronado Acevedo* says the BIA "may consider and, where appropriate, grant termination . . . of removal proceedings in certain types of limited circumstances," *id.* at 648, but it concluded that this did not apply to Petitioner's circumstances. Petitioner argues that this was legal error. Even if it was, it was harmless.

*Matter of Coronado Acevedo* gives the BIA discretion to terminate proceedings in certain circumstances, but it never mandates termination.[6] *See* 28 I. & N. Dec. at 648 (providing that the BIA "may consider" termination "where appropriate"). And the BIA made clear that it would not exercise discretion to terminate Petitioner's proceedings.

---

[5] Petitioner does not seek review of the BIA's order denying his alternative request that it first reopen his proceedings before terminating them.

[6] 8 C.F.R. § 1003.1(m)(1)(i) took effect in 2024 and enumerates circumstances under which termination is mandatory. Petitioner does not argue that his case qualifies for mandatory termination under that regulation.

*See* AR 6 (noting that Petitioner "has not demonstrated a sufficient basis to warrant reopening and termination of these proceedings"); *id*. (declining to exercise its authority to sua sponte reopen because "[b]ecoming potentially eligible for adjustment of status many years after a final order of removal has been entered does not constitute an exceptional situation warranting sua sponte reopening of proceedings," and noting that the BIA generally will not exercise its discretion to sua sponte reopen "based on equities that were acquired while a respondent remained illegally in the United States after being ordered removed").  Accordingly, any potential error does not require a remand to the BIA.  *See Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011) (concluding that remand to the BIA is unnecessary "when it is highly probable that the error did not affect the outcome of the case").

*   *   *

For the foregoing reasons, we will deny the petition for review.